IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) ) | CIVIL ACTION NO. |
| v. ) ) | C O M P L A I N T AND JURY DEMAND |
| SPITZER MANAGEMENT, INC, and SPITZER AUTOWORLD CLEVELAND, LLC., ) ) ) ) ) | |
| Defendants. ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of national origin, Lebanese, and religion, perceived as Muslim, and to provide appropriate relief to Toufic Hamdan who was adversely affected by such practices.  As alleged with greater particularity in Paragraph 7 below, the Commission alleges that Defendants, Spitzer Motor City, Inc.  ("Spitzer Motor City") and Spitzer Autoworld Cleveland, LLC. ("Spitzer Autoworld") discriminated against Mr. Hamdan on the basis of his national origin and Defendants' perception that Mr. Hamdan is a member of the Muslim religion.  Defendants discriminated against Mr. Hamdan by subjecting him to harassment and a hostile work environment which caused Mr. Hamdan to be constructively discharged from his employment.

JURISDICTION AND VENUE

1.	Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to 706(f)(1) and (3) of Title VII

of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for Northern District of Ohio, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendants have continuously been corporate entities doing business in the State of Ohio, operating as an integrated enterprise, and have continuously had at least 15 employees.

5. At all relevant times, Defendants have continuously operated as an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Toufic Hamdan filed a charge with the Commission alleging violations of Title VII by Defendants' Spitzer Autoworld Cleveland dealership. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least June 1, 2006, Defendants have engaged in unlawful employment practices at the Spitzer Autoworld Cleveland dealership, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). The alleged unlawful practices include, but are not limited to:

(a) Harassing and subjecting Mr. Hamdan, a Sales Consultant, to a hostile work environment because of his national origin, Lebanese, and religion, perceived Muslim.

(b) By constructively discharging Mr. Hamdan on the basis of his national origin and perceived religion.

8. The effect of the practice(s) complained of in Paragraph 7 above has been to deprive Mr. Hamdan of equal employment opportunities and otherwise adversely affect his status as an employee, because of due to impermissible considerations of national origin and perceived religion.

9. The unlawful employment practices complained of in Paragraphs 7 above were intentional.

10. The unlawful employment practices complained of in Paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Mr. Hamdan.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants their officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in discrimination on the basis of national origin and perceived religion.

B. Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees without regard to their national

origin and perceived religion, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendants to make whole Mr. Hamdan, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to rightful place reinstatement of Mr. Hamdan.

D. Order Defendants to make whole Mr. Hamdan, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraph 7 above, including but not limited to, relocation expenses, job search expenses, and medical expenses not covered by Defendants' employee benefit plan, in amounts to be determined at trial.

E. Order Defendants to make whole Mr. Hamdan by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in Paragraph 7 above, including, but not limited to, emotional pain, suffering, loss of enjoyment of life and humiliation, in amounts to be proven at trial.

F. Order Defendants to pay Mr. Hamdan punitive damages for their malicious and reckless conduct described in Paragraph 7 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD S. COOPER
GENERAL COUNSEL
Washington, D.C.


/s/Jacqueline McNair
Jacqueline McNair
Regional Attorney
Philadelphia District Office
Philadelphia, PA 19106


/s/C. Larry Watson
C. Larry Watson
Associate Regional Attorney
Registration No. 0031443
larry.watson@eeoc.gov

/s/Solvita A. McMillan
Solvita A. McMillan
Senior Trial Attorney
Registration No. 0040011


EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
Cleveland Field Office
Anthony J. Celebrezze Office Building
1240 East Ninth Street     Suite 3001
Cleveland, Ohio  44199
(216) 522-7676  tel
 (216) 522-7430 fax
solvita.mcmillan@eeoc.gov